**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., | ) |
| Plaintiff, | ) Case No.: 2:16-cv-00309-GMN-GWF |
| vs. | ) **AMENDED ORDER** |
| Woodcrest Homeowners Association, *et al.*, | ) |
| Defendants. | ) |

Pending before the Court is Plaintiff Bank of America, N.A.'s ("BANA's") Motion for Partial Summary Judgment, (ECF No. 50). Defendants Airmotive Investments, LLC ("Airmotive") and Woodcrest Homeowners Association ("HOA") filed Responses, (ECF Nos. 55, 60), and BANA filed Replies, (ECF Nos. 61, 63).

Also pending before the Court are the Motions for Summary Judgment, (ECF Nos. 39, 49), filed by Airmotive and HOA.[1] BANA filed Responses, (ECF Nos. 51, 57), and Airmotive and HOA filed Replies, (ECF Nos. 56, 62).

Also pending before the Court is Airmotive's Motion to Dismiss the Complaint, (ECF No. 40), to which HOA filed a Joinder, (ECF No. 42). BANA filed a Response, (ECF No. 52), and Airmotive filed a Reply, (ECF No. 54).

For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** BANA's Motion for Partial Summary Judgment, (ECF No. 50); **DENIES** Airmotive's Motion for Summary Judgment, (ECF No. 39); **GRANTS in part** and **DENIES in part** Airmotive's Motion to Dismiss, (ECF No. 40); and **GRANTS in part** and **DENIES in part** HOA's Motion for Summary Judgment, (ECF No. 49).

---

[1] HOA filed a Joinder, (ECF No. 41), to Airmotive's Motion for Summary Judgment; and ACS filed a Joinder, (ECF No. 53), to HOA's Motion for Summary Judgment.

## I. BACKGROUND

This case arises from the non-judicial foreclosure on real property located at 6641 Chardonay Way, Las Vegas, Nevada 89108 (the "Property"). (*See* Deed of Trust, Ex. 1 to Airmotive's Mot. Summ. J. ("MSJ"), ECF No. 39-1). In 2009, Thomas Jeffress ("Borrower") purchased the Property by way of a loan in the amount of $189,869.00, secured by a deed of trust (the "DOT"). (*Id.*). Countrywide Bank served as the original lender for the DOT, and Mortgage Electronic Registration System, Inc. ("MERS") was the nominal beneficiary on behalf of that bank. (*Id.*). BANA received the DOT through an assignment on November 15, 2011. (Notice of Assignment, Ex. C to BANA's MSJ, ECF No. 50-3).

Upon Borrower's failure to stay current on his payment obligations, ACS, on behalf of HOA, initiated foreclosure proceedings by recording a notice of delinquent assessment lien and a subsequent notice of default and election to sell. (*See* Notice of Delinquent Assessment Lien, Ex. 2 to Airmotive's MSJ, ECF No. 39-2); (Notice of Default, Ex. 3 to Airmotive's MSJ, ECF No. 39-3).

On September 9, 2011, the law firm Miles, Bauer, Bergstrom & Winters LLP ("Miles Bauer"), on behalf of BANA, sent a letter to ACS requesting a ledger identifying the amount of HOA's superpriority lien. (*See* Request for Accounting at 6–9, Ex. 1 to Miles Aff., ECF No. 50-7). ACS responded with a letter stating, "without the action of [BANA's] foreclosure, a 9 month Statement of Account is not valid." (*See* ACS Letter, Ex. 3 to Miles Aff., ECF No. 50-7). ACS's letter also stated that it would provide a Statement of Account if BANA submitted a "Trustees Deed Upon Sale showing [BANA's] possession of the property and the date that it occurred." (*Id.*).

Thereafter, ACS proceeded with foreclosure by recording a notice of foreclosure sale and subsequently foreclosing on the Property. (*See* Notice of Trustee's Sale, Ex. 4 to Airmotive's MSJ, ECF No. 39-4). On October 12, 2011, Las Vegas Development Group, LLC

recorded a foreclosure deed, stating that it purchased the Property for $3,801.00. (Foreclosure Deed, Ex. 5 to Airmotive's MSJ, ECF No. 39-5). Las Vegas Development Group, LLC then conveyed ownership of the Property to Airmotive. (Deed, Ex. 6 to Airmotive's MSJ, ECF No. 39-6).

BANA filed its Complaint on February 17, 2016, asserting the following causes of action arising from the foreclosure and sale of the Property: (1) quiet title; (2) breach of NRS 116.1113; (3) wrongful foreclosure; and (4) injunctive relief. (*See* Compl. ¶¶ 27–78).

## II. LEGAL STANDARD

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear

that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B. Motion for Summary Judgment**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case

on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth; it is to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

### III. **DISCUSSION**

BANA argues for summary judgment in its favor based on, among other things, its alleged tender of the superpriority portion of the HOA's lien prior to foreclosure. (BANA's MSJ 5:28–14:26, ECF No. 50).  Specifically, BANA argues that its letter offering to pay the HOA's superpriority lien, coupled with HOA's refusal to provide BANA the superpriority lien

amount, rendered HOA's foreclosure incapable of extinguishing BANA's DOT. (*Id.*). Airmotive and HOA, however, move to dismiss each of BANA's claims as untimely. (Airmotive's Mot. Dismiss ("MTD") 6:3–9:27, ECF No. 40); (HOA's MSJ 11:12–27, ECF No. 49). Airmotive and HOA also move for summary judgment in their favor on the merits of BANA's claims.

The Court's discussion below first addresses the applicable limitations periods for BANA's claims. Because BANA's quiet title claim is timely, the Court then addresses whether BANA's alleged tender prevented its DOT from extinguishment.

### A. Statutes of Limitations

#### i. Quiet Title

Airmotive and HOA argue that BANA's quiet title claim is subject to either a three-year limitations period pursuant to Nevada Revised Statute ("NRS") 11.190(3)(a), or, at most, a four-year limitations period pursuant to NRS 11.220.[2] (Airmotive's MTD 6:1–8:11). By contrast, BANA contends that its quiet title claim is subject to the five-year limitations period under NRS 11.070 and 11.080.

The Court finds that BANA's quiet title claim is governed by the five-year limitations period set forth in NRS 11.070, which applies to a "cause of action or defense to an action, founded upon title to real property." NRS 11.070. A quiet title claim is reciprocal in nature as it "requests a judicial determination of all adverse claims to disputed property." *Del Webb Conservation Holding Corp. v. Tolman*, 44 F. Supp. 2d 1105, 1110 (D. Nev. 1999) (citing *Clay v. Scheeline Banking & Trust Co.*, 159 P. 1081, 1082–83 (Nev. 1916)).

The adverse claims here are between BANA, a lienholder, and Airmotive, a titleholder. The essence of BANA's requested relief, a declaration as to the viability of the first deed of

---

[2] NRS 11.220 states: "An action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued."

trust, is necessarily a challenge to Airmotive's interest. *See Clay*, 159 P. at 1082 ("[O]ne of the essentials of a good complaint in such an action is that [the plaintiff] must show that the defendants claim an interest in the property adverse to the plaintiffs."). Indeed, should BANA obtain its requested remedy of invalidating the foreclosure sale, Airmotive would be divested of its title. Because the Court must adjudicate the competing interests here, including the asserted title interest, the action is founded upon title.[3]

Under NRS 11.070, the five-year limitations period is triggered at the time "the person prosecuting the action or making the defense . . . or the ancestor, predecessor, or grantor of such person, was seized or possessed of the premises . . . ." Thus, the limitations period in this case accrued at the time Borrower, as grantor of the deed of trust, was "seized or possessed" of the premises. *See* NRS 107.410 ("'Borrower' means a natural person who is a mortgagor or grantor of a deed of trust under a residential mortgage loan."). Because the Complaint in this action was filed less than five years after the foreclosure sale, BANA's quiet title claim is timely. (*See* Compl., ECF No. 1) (filed February 17, 2016).

### ii. Breach of NRS 116.1113 and Wrongful Foreclosure

A wrongful foreclosure claim "challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). Such a claim may be based on statutory violations or it may be a tort. *Bank of New York v. Foothills at MacDonald Ranch Master Ass'n*, 329 F. Supp. 3d 1221, 1234 (D. Nev. 2018). When premised upon statutory violations, a three-year limitations period applies. *See* NRS

---

[3] The Nevada Supreme Court has yet to weigh in on which limitations period applies to a lienholder's quiet title claim. Consequently, there is an intra-District split as to whether lienholders have four or five years to bring quiet title actions. To the extent there is any ambiguity as to NRS 11.070, the Court finds application of that statute's longer limitations period aligns with Ninth Circuit's guidance on conflicting statutes of limitations. *See Fed. Deposit Ins. Corp. v. Former Officers & Directors of Metro. Bank*, 884 F.2d 1304, 1307 (9th Cir. 1989) ("[W]hen there is a 'substantial question' which of two conflicting statutes of limitations to apply, the court should apply the longer.") (quoting *Guam Scottish Rite Bodies v. Flores*, 486 F.2d 748, 750 (9th Cir. 1973) (applying longer statute of limitations when a claim had features of both an action in trespass and an action in ejectment)).

11.190(3)(a) ("An action upon a liability created by statute, other than a penalty or forfeiture" may only be commenced "[w]ithin 3 years."); *see Bank of New York Mellon v. Hillcrest at Summit Hills Homeowners Ass'n*, No. 2:16-cv-02295-GMN-PAL, 2019 WL 415324, at *3 (D. Nev. Jan. 31, 2019). Conversely, wrongful foreclosure actions sounding in tort are subject to Nevada's four-year residual limitations period. NRS 11.220; *see Foothills*, 329 F. Supp. 3d at 1234 ("[T]he four-year catchall limitation is appropriate for a tortious wrongful foreclosure claim."); *Bank of New York v. S. Highlands Cmty. Ass'n*, 329 F. Supp. 3d 1208, 1219 (D. Nev. 2018) (same).

Here, BANA's second claim for "breach of NRS 116.1113" arises exclusively from statute; and its third claim for "wrongful foreclosure" arises from both statutory violations of NRS Chapter 116 and as well as theories independent of that statutory scheme. (Compl. ¶¶ 55–71). The statutory limitations periods began for those claims on the date of the Property's October 12, 2011 foreclosure. Because BANA filed its Complaint more than four years later, BANA's second and third claims are untimely and dismissed with prejudice.

### B. Tender

BANA argues that HOA's foreclosure sale did not extinguish its DOT because BANA's agent, Miles Bauer, attempted to tender payment to HOA prior to the foreclosure sale. (Tender Letter, Ex. 2 to BANA's MSJ, ECF No. 50-7). The recent decision of *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 135 Nev. Adv. Op. 7, 2019 WL 1087513 (Nev. 2019), guides the Court's analysis here.[4]

In *Thomas Jessup*, the Nevada Supreme Court reiterated its general rule on "tender" by explaining that a lone letter offering to pay an undetermined superiority amount in the future

---

[4] Because *Thomas Jessup*, 135 Nev. Adv. Op. 7, 2019 WL 1087513 (Nev. 2019), came after the parties submitted their dispositive motions, the Court requested supplemental briefing to address *Thomas Jessup's* impact on this case. BANA timely filed a Supplemental Brief, (ECF No. 65); as did Airmotive, (ECF No. 66), and HOA, (ECF No. 67).

will not prevent a foreclosure sale under NRS 116's scheme from extinguishing a lender's junior deed of trust. *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 135 Nev. Adv. Op. 7, 2019 WL 1087513 at *3 (2019); *see SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 414 (Nev. 2014); *SFR Invs. Pool 1*, 334 P.3d at 414. However, the court in *Thomas Jessup* simultaneously highlighted an exception to that general rule: an "offer to pay the superpriority portion . . . combined with . . . . rejection of that offer . . . operate[s] to cure the default as to that portion of the lien such that the ensuing foreclosure sale [does] not extinguish the first deed of trust." *Id.*

The facts in this case are nearly identical to those in *Thomas Jessup*, and similarly warrant the same exception to true tender discussed in that case. Here, as in *Thomas Jessup*, BANA sent a letter to ACS on April 4, 2011, requesting an accounting ledger with the HOA's superpriority lien amount based on "nine months of assessments for common expenses incurred before the date of your notice of delinquent assessment dated February 14, 2011." (Request for Accounting, Ex. 2 to BANA's MSJ, ECF No. 50-7); (Decl. Douglas Miles ¶ 8, Ex. G. to BANA's MSJ, ECF No. 50-7). ACS responded with a letter stating that "a 9 month Statement of Account is not valid" unless BANA first forecloses on the Property, and that "we intend to proceed on the above-mentioned account up to and including foreclosure." (Correspondence Receipt, Ex. 3 to BANA's MSJ, ECF No. 50-7); *Thomas Jessup*, 2019 WL 1087513 at *2. ACS similarly contended that BANA needed to foreclose on the Property, and only after BANA's foreclosure would ACS "provide a 9 month super priority lien Statement of Account." (*Id.*).

In line with the Nevada Supreme Court's decision in *Thomas Jessup*, here ACS's response operates as evidence of its implicit rejection of BANA's payment offer. *See Thomas Jessup*, 2019 WL 1087513 at *4 ("Although ACS's fax did not explicitly state that it would reject a superpriority tender, we believe this is the only reasonable construction of the fax,

which stated that 'a 9 month Statement of Account is not valid' . . . ."); *Bank of Am., N.A. v. Woodcrest Homeowners Ass'n*, No. 2:15-cv-01193-MMD-GWF, 2019 WL 1114872, at *4 (D. Nev. Mar. 11, 2019). BANA thus satisfied its initial burden to provide evidence to support the exception to tender emphasized in *Thomas Jessup*. *See Matsushita Elec. Indus.*, 475 U.S. at 586. ACS, Airmotive, and HOA, by contrast, fail to create a genuine issue of material fact concerning ACS's implicit rejection because they do not put forth competent evidence *from this case* to show otherwise; they instead rely on assertions and allegations in the pleadings. *See Celotex Corp.*, 477 U.S. at 324; (Airmotive's MSJ 11:22–13:3, ECF No. 39); (Airmotive's Resp. 10:26–15:27, ECF No. 55); (HOA's Resp. 4:8–5:15, ECF No. 60); (Airmotive's Supp. Brief 4:17–7:13, ECF No. 66); (HOA's Supp. Brief 1:25–5:17, ECF No. 67). Therefore, though BANA did not actually send payment, BANA is entitled to summary judgment on the issue of tender because BANA's offer to pay, alongside ACS's rejection, "operated to cure the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust." *Id.*

**C. Remaining Claims**

In its prayer for relief, BANA requests an order declaring: "LVDG purchased the [Property] subject to BANA's senior deed of trust." (Compl. 13:22–24, ECF No. 1). BANA's other requested forms of relief are phrased in the alternative. (*See id.* 16:24–17:8). Because the Court finds that BANA's attempted tender prevents the foreclosure sale from extinguishing BANA's DOT, BANA receives the relief it requested. As to BANA's request for a preliminary injunction pending a determination by the Court concerning the parties' respective rights and interests, the Court's grant of summary judgment for BANA moots this claim, and it is therefore dismissed.

///

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that BANA's Motion for Partial Summary Judgment, (ECF No. 50), is **GRANTED in part** and **DENIED in part** pursuant to the foregoing.

**IT IS FURTHER ORDERED** that Airmotive's Motion for Summary Judgment, (ECF No. 39), is **DENIED**.

**IT IS FURTHER ORDERED** that Airmotive's Motion to Dismiss, (ECF No. 40), is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that HOA's Motion for Summary Judgment, (ECF No. 49), is **GRANTED in part** and **DENIED in part**.

The Clerk of Court shall enter judgment accordingly and close the case.

**DATED** this __30__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court